MEDIA SERVICES, INC., Plaintiff-
counter-defendant—Appellant,

v.

John E. PETERSON; Jory Peterson
Watkins & Smith, a professional cor-
poration, Defendants-counter-claim-
ants—Appellees.

Media Services, Inc., Plaintiff-counter-
defendant—Appellee,

v.

John E. Peterson; Jory Peterson Wat-
kins & Smith, a professional corpora-
tion, Defendants-counter-claimants—
Appellants.

Nos. 01–17366, 01–17553.
D.C. Nos. CV–00–05925–AWI/DLB,
CV–00–05925–AWI.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 7, 2002.*

Decided Nov. 12, 2002.

Before HAWKINS, GRABER, and
TALLMAN, Circuit Judges.

MEMORANDUM**

Because the parties are familiar with the
facts, we do not detail them.

Proof of causation for an allegation that
an attorney's failure to appeal constituted
malpractice requires a showing that the
appeal would have resulted in reversal.
*Kurinij v. Hanna & Morton*, 55 Cal.
App.4th 853, 64 Cal.Rptr.2d 324, 331
(1997). To determine that issue, we must
"address[ ] the subject as though [we]
were sitting as a [California] Court of Ap-
peal." *Id.*

The district court properly employed
two standards of review. First, the dis-
trict court reviewed for substantial evi-
dence and abuse of discretion the state

---

* The panel unanimously finds this case suitable
for decision without oral argument. Fed.
R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as provided by
Ninth Circuit Rule 36–3.

court's decision to sever the illegal portions of the contract. Second, the district court reviewed *de novo* which law should be applied to cure the illegal provision. These standards comport with California law. *See Armendariz v. Foundation Health Psychcare Servs., Inc.,* 24 Cal.4th 83, 99 Cal.Rptr.2d 745, 773–75, 6 P.3d 669 (2000); *Keene v. Harling,* 61 Cal.2d 318, 38 Cal.Rptr. 513, 515–17, 392 P.2d 273 (1964); *Dunkin v. Boskey,* 82 Cal.App.4th 171, 98 Cal.Rptr.2d 44, 61–62 (2000).

Applying the FCC's 1998 regulations did not have a retroactive effect. The use of the 1998 rules to sever only one year of the lease did not impair rights FCSS possessed when it acted. To the contrary, the use of the 1998 rules allowing for a fifteen-year lease is more consistent with FCSS's rights and expectations in 1991 that, if it did not meet certain conditions, the lease would automatically renew and become a sixteen-year lease. Declaratory relief is prospective in nature. *See Baldwin v. Marina City Properties, Inc.,* 79 Cal. App.3d 393, 145 Cal.Rptr. 406, 414 (1978). Rules that "merely provide[ ] [a remedy] *at some future date"* and "affect[ ] the *future* legal consequences of past transactions" are not retroactive, but instead only possess "secondary retroactivity," which is "entirely lawful." *Nat'l Med. Enters., Inc. v. Sullivan,* 957 F.2d 664, 671 (9th Cir. 1992) (internal quotation marks omitted); *see also U.S. West Communications, Inc. v. Jennings,* 304 F.3d 950, 957–58 (9th Cir.2002).

The state court did not abuse its discretion by severing the lease by only one year. When confronted with the task of fashioning remedies for illegal portions of a contract, California courts weigh the nature of the illegality, the policies to be served, and the respective equities of the parties. *Dunkin,* 98 Cal.Rptr.2d at 61–62.

The policies behind the FCC regulations support a longer lease. *See Report and Order in the Matter of Amendment to Parts 21 and 74,* 13 F.C.C.R. 19, 112, 1998 WL 917514 (F.C.C.), at ¶¶ 133–34, 1998 WL 917514 (Adopted Sept. 17, 1998). Severing only one year is also more consistent with the original intent of the parties when the term originally contemplated was sixteen years.

The decision of the state court does not conflict with or frustrate the FCC regulations; it does the opposite by promoting the policies underlying the FCC regulations. *See City of New York v. FCC,* 486 U.S. 57, 64, 108 S.Ct. 1637, 100 L.Ed.2d 48 (1988); Report and Order in the *Matter of Amendment to Parts 21 and 74,* 13 F.C.C.R. 19, 112, 1998 WL 917514 (F.C.C.), at ¶¶ 133–34.

We think that a California Court of Appeal would not have reversed the state trial court's decision. There is no genuine issue of material fact on the causation element of the malpractice claim. The district court's decision is AFFIRMED. We do not reach the cross-appeal.

Costs are awarded to the Appellees.